# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO

FILED
MAR 20 2014
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

V.



**CR 14  149**

IMRAN HUSAIN

RS

DEFENDANT(S).

## INDICTMENT

18 U.S.C. § 371 - Conspiracy

18 U.S.C. § 1505 - Obstructing Proceedings of the Securities and Exchange Commission

18 U.S.C. § 2 - Aiding and Abetting

---

A true bill.

_Nancy J. Peterson_
Foreman

Filed in open court this ___20th___ day of

_____
Clerk

Bail, $ _No bail arrest warrant_

Nathanael Cousins
United States Magistrate Judge

/-MTJ

PER 18 U.S.C. 3170

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ INFORMATION  ☑ INDICTMENT

Matter Sealed:  ☐ Juvenile  ☑ Other than Juvenile
☐ Pre-Indictment Plea  ☐ Superseding  ☐ Defendant Added
☐ Indictment  ☐ Charges/Counts Added
☐ Information

Name of District Court, and/or Judge/Magistrate Location (City)
UNITED STATES DISTRICT COURT — San Francisco
DISTRICT OF Northern California — Divisional Office

Name and Office of Person Furnishing Information on THIS FORM: **MELINDA HAAG**
☐ U.S. Atty  ☐ Other U.S. Agency
Phone No.

Name of Asst. U.S. Attorney (if assigned): Benjamin Kingsley

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court (give name of court)

☐ this person/proceeding transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Atty  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant. (Notice of Related Case must still be filed with the Clerk.)

☐ prior proceedings or appearance(s) before U.S. Magistrate Judge regarding this defendant were recorded under

SHOW DOCKET NO.

MAG. JUDGE CASE NO.

Place of offense _____ County _____

CASE NO. **CR 14 149 RS**

USA vs.
Defendant: Imran Husain

Address: ~~SEALED~~ ~~ORDER~~

☐ Interpreter Required  Dialect: _____

Birth Date _____
☐ Male  ☐ Alien
☐ Female  (if applicable)

Social Security Number _____

### DEFENDANT

Issue:  ☑ Warrant  ☐ Summons

Location Status:
Arrest Date _____ or Date Transferred to Federal Custody _____

☐ Currently in Federal Custody
☐ Currently in State Custody
   ☐ Writ Required
☐ Currently on bond
☐ Fugitive

**FILED**
MAR 20 2014
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Defense Counsel (if any): _____
☐ FPD  ☐ CJA  ☐ RET'D
☐ Appointed on Target Letter

☐ This report amends AO 257 previously submitted

### OFFENSE CHARGED - U.S.C. CITATION - STATUTORY MAXIMUM PENALTIES - ADDITIONAL INFORMATION OR COMMENTS

Total # of Counts 2

| Set | Title & Section/Offense Level (Petty = 1 / Misdemeanor = 3 / Felony = 4) | Description of Offense Charged | Count(s) |
|---|---|---|---|
| | PLEASE SEE ATTACHMENT FOR | | |
| | PENALTIES | | |
| | | | |
| | | | |

## PENALTY SHEET ATTACHMENT

Count One:

    18 U.S.C. § 371 – Conspiracy

    Maximum penalties:   5 years imprisonment (18 U.S.C. § 371)
                               $250,000 fine (18 U.S.C. § 3571(b)(3))
                               3 years supervised release (18 U.S.C. § 3583(b)(2))
                               $100 special assessment (18 U.S.C. § 3013)

Count Two:

    18 U.S.C. § 1505 – Obstruction of Justice

    Maximum penalties:   5 years imprisonment (18 U.S.C. § 1505)
                                   $250,000 fine (18 U.S.C. § 3571(b)(3))
                               3 years supervised release (18 U.S.C. § 3583(b)(2))
                               $100 special assessment (18 U.S.C. § 3013)

MELINDA HAAG (CABN 132612)
United States Attorney




UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 14 149 RS |
| Plaintiff, | VIOLATIONS: 18 U.S.C. § 371 – Conspiracy; 18 U.S.C. § 1505 – Obstructing Proceedings of the Securities and Exchange Commission; 18 U.S.C. § 2 – Aiding and Abetting. |
| v. | |
| IMRAN HUSAIN, | SAN FRANCISCO VENUE |
| Defendant. | |

## INDICTMENT

The Grand Jury charges:

### Introductory Allegations

At all times relevant to this indictment:

1. The United States Securities and Exchange Commission ("SEC") was an independent agency of the United States. The SEC's Division of Enforcement, among other things, investigated possible violations of federal securities laws and regulations and brought administrative and civil actions to enforce those laws and regulations.

2. In or about August 2011, the SEC commenced an investigation into securities fraud relating to purchases and sales of securities of YesDTC, Inc ("YesDTC"). YesDTC was a publicly traded company formed through a merger between PR Complete Holdings and Allay Online Holdings.

3. On or about August 21, 2012, attorneys from the SEC's Division of Enforcement in San Francisco, California, subpoenaed the testimony of a person known to the Grand Jury as part of the

INDICTMENT

1 | SEC's investigation into securities fraud relating to purchases and sales of securities issued by YesDTC.

2 | COUNT ONE: (18 U.S.C. § 371 – Conspiracy)

3 | 4. Paragraphs 1 through 3 are realleged as if set forth fully here.

4 | 5. Beginning on or about August 2012, and continuing through on or about October 2012, in the Northern District of California and elsewhere, the defendant,

IMRAN HUSAIN,

and another person or persons known, did conspire to unlawfully, willfully, and knowingly corruptly influence, obstruct, and impede, and aid and abet others to corruptly influence, obstruct, and impede, the due and proper administration of the law under which a pending proceeding was being had before a department or agency of the United States, namely, the SEC and its investigation into securities fraud relating to purchases and sales of securities issued by PR Complete Holdings and YesDTC, in violation of Title 18, United States Code, Section 1505; all in violation of Title 18, United States Code, Section 371.

## OVERT ACTS COMMITTED IN FURTHERANCE OF THE CONSPIRACY

6. In furtherance of the conspiracy and to effect the objects thereof, the following overt acts, among others, were committed in the Northern District of California, and elsewhere:

   a. On or about August 22, 2012, beginning at or about 8:31 a.m., HUSAIN and a person known to the Grand Jury spoke via Skype regarding an SEC subpoena.

   b. On or about September 28, 2012, a person known to the Grand Jury travelled to Los Angeles to meet with HUSAIN regarding that person's testimony in a proceeding of the SEC.

   c. On or about September 29, 2012, beginning at or about 4:13 p.m., HUSAIN and persons known to the Grand Jury spoke via telephone regarding the production of documents to the SEC.

   d. On or about September 30, 2012, HUSAIN and a person known to the Grand Jury visited an Apple Store to seek information on how to permanently delete files from a laptop.

   e. On or about October 1, 2012, HUSAIN and a person known to the Grand Jury flew from Los Angeles, California to San Francisco, California.

   f. On or about October 2, 2012, a person known to the Grand Jury testified in a proceeding of the SEC in San Francisco, California and lied in that testimony.

1  g. On or about October 25, 2012, HUSAIN spoke to another person known to the Grand Jury regarding her role as a CEO of one of his shell companies.

COUNT TWO: (18 U.S.C. § 1505 – Obstruction of Proceedings before the Securities and Exchange Commission; 18 U.S.C. § 2 – Aiding and Abetting)

7. Paragraphs 1 through 6 are realleged as if set forth fully here.

8. Beginning on or about August 2012, and continuing through on or about October 2012, in the Northern District of California and elsewhere, the defendant,

IMRAN HUSAIN,

unlawfully, willfully, and knowingly, corruptly influenced, obstructed, and impeded, and aided and abetted others to corruptly influence, obstruct, and impede, the due and proper administration of the law under which a pending proceeding was being had before a department or agency of the United States, namely, the SEC and its investigation into securities fraud relating to purchases and sales of securities issued by PR Complete Holdings and YesDTC, in violation of Title 18, United States Code, Section 1505.

DATED:

March 20, 2014

A TRUE BILL.

_Nancy J. Reterson_
FOREPERSON

MELINDA HAAG
United States Attorney

_J. Douglas Wilson_
J. DOUGLAS WILSON
Chief, Criminal Division

(Approved as to form: _____)
BENJAMIN KINGSLEY
Assistant United States Attorney

INDICTMENT 3