VICTOR SHERMAN (S.B.N. 38483)
SHERMAN & SHERMAN
A Professional Law Corporation
2115 Main Street
Santa Monica, California 90405

Telephone: (310) 399-3259
Facsimile: (310) 392-9029
Email: ssvictor@aol.com

GEORGE NEWHOUSE, JR.
BROWN, WHITE & NEWHOUSE
333 South Hope Street, 40th Floor
Los Angeles, California 90071

Telephone: (213) 613-0500
Facsimile: (213) 613-0550
Email: gnewhouse@brownwhitelaw.com

Attorneys for Defendant
IMRAN HUSAIN

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: CR 14-149-RS |
| Plaintiff, | STIPULATION TO CONTINUE STATUS CONFERENCE REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ~~PROPOSED~~ ORDER |
| vs. | |
| IMRAN HUSAIN, | |
| Defendant. | |

   IT IS HEREBY STIPULATED by and between defendant, Imran Husain, by and through his counsel of record, Victor Sherman, and plaintiff, United States of America, by and through its counsel of record, Benjamin Kingsley, hereby stipulate as follows:

   1.   By previous order, this matter was set for status on September 16, 2014 at 2:30 p.m.

2. By this Stipulation, the parties now move to continue the status conference until September 30, 2014 at 2:30 p.m. and to exclude time between September 16, 2014 and September 30, 2014, under 18 U.S.C. §3161(h)(7)(A); B(iv).

3. The parties agree and stipulate and request that the Court find the following:

   a. The government has represented that the initial discovery has been provided and is continuing to prepare additional discovery in this matter. Discovery is ongoing at this time, but is not complete.

   b. Counsel for the defendant needs additional time for investigation and preparation. Counsel for defendant is continuing to investigate the matter. Counsel for defendant believes that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation and resolution, taking into account the exercise of due diligence.

   c. The government does not object to the continuance and agrees a continuance is necessary due to the ongoing voluminous discovery review.

   d. Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   e. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. §3161, et seq., within which trial must commence, the time period of September 16, 2014 to September 30, 2014,

inclusive, is deemed excludable pursuant to 18 U.S.C. §316(h)(7)(A), B(iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant's interest in a speedy trial.

4. Nothing in this Stipulation and Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

DATED: September 15, 2014               Respectfully submitted,

                                        SHERMAN & SHERMAN
                                        A Professional Law Corporation

                                        /s/Victor Sherman
                                   By:  _____
                                        VICTOR SHERMAN
                                        Attorney for Defendant
                                        Imran Husain


                                        /s/Benjamin Kingsley
DATED: September 15, 2014          By:  _____
                                        BENJAMIN KINGSLEY
                                        Assistant United States Attorney


**(PROPOSED) ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: September 16, 2014               _____
                                        HON. RICHARD SEEBORG
                                        United States District Judge

3