1  BRIAN J. STRETCH (CABN 163973)
   United States Attorney
2
   BARBARA J. VALLIERE (DCBN 439353)
3  Chief, Criminal Division

4  BENJAMIN KINGSLEY (CABN 314192)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-6937
7       Fax: (415) 436-7234
        Benjamin.Kingsley@usdoj.gov
8
   Attorneys for the United States
9

10                      UNITED STATES DISTRICT COURT

11                     NORTHERN DISTRICT OF CALIFORNIA

12                           SAN FRANCISCO DIVISION

13

14 | UNITED STATES OF AMERICA,           ) NO. CR 14-00149 RS
                                         ) [filed March 20, 2014]
15 |     Plaintiff,                      )
                                         ) **NOTICE OF RELATED CASES IN A**
16 |   v.                                ) **CRIMINAL ACTION**
                                         )
17 | IMRAN HUSAIN,                       )
                                         )
18 |     Defendant.                      )
                                         )
19 |
   | UNITED STATES OF AMERICA,           ) NO. CR 17-00281 CRB
20 |                                     ) [filed May 18, 2017]
   |     Plaintiff,                      )
21 |                                     )
   |   v.                                )
22 |                                     )
   | GREGG JACLIN,                       )
23 |                                     )
   |     Defendant.                      )
24 |                                     )

25      The United States of America, pursuant to Local Criminal Rule 8-1, hereby notifies the Court

26 that the two above-captioned criminal cases are related, and asks the Court to relate *United States v.*

27 *Gregg Jaclin*, CR 17-281 CRB, to *United States v. Imran Husain*, CR 14-149 RS.

28
   **NOTICE OF RELATED CASES**
                                                  1

On March 20, 2014, Imran Husain was indicted for conspiracy and obstruction of justice, in connection with the obstruction of proceedings of the Securities and Exchange Commission ("SEC") in the matter of YesDTC.[1] CR 14-149 RS, Dkt. 1.  On October 14, 2014, Husain pleaded guilty to conspiracy to obstruct the proceedings of the SEC. *Id.*, Dkt. 24.  In his plea agreement, Husain admitted that he and Gregg Jaclin conspired to manufacture and sell publicly traded shell companies, and worked to hide both the true nature of the companies and Husain's true role with the companies from the SEC, by making false statements in public filings and by obstructing the SEC's investigation of one of the companies. *Ibid.*  In his plea agreement, Husain agreed to cooperate against Jaclin. *Ibid.*

On May 18, 2017, Jaclin was indicted on eight counts, including securities fraud, false filings, a scheme to conceal material facts, and obstruction, arising from the same conduct for which Husain had pleaded guilty.  CR 17-281 CRB, Dkt. 1.  The scheme outlined in the indictment in CR 17-281 CRB is the same as that to which Husain pleaded guilty in CR 14-149 RS.

For this reason, the cases are related within the meaning of Local Rule 8-1(b).  First, though they do not include the same defendant, both actions concern the same alleged events, occurrences, transactions or property—the manufacture and sale of publicly traded shell companies, the making of false SEC filings, and the related obstructive acts by both Husain and Jaclin.  Second, the actions will entail a duplication of labor and conflicts if heard before different judges.  In CR 14-149, at his sentencing, Husain's conduct and any credit for cooperation that he would receive must be evaluated under the Sentencing Guidelines and § 3553.  That conduct is the same as that alleged of Jaclin in CR 17-281.  It will save resources for a single judge to hear that same set of facts.  Should Jaclin be convicted, it will also help to ensure consistency in any sentencings for a single judge to render a sentence against both defendants.  Additionally, should Jaclin's case go to trial, Husain will likely be a

---

[1] In *United States vs. Joseph Noel*, No. CR 14-264 VC, filed on May 14, 2014, the eventual CEO of YesDTC is charged with, and has pleaded guilty to, securities fraud, in connection with the eventual market manipulation of YesDTC stock. *United States v. Noel*, on the one hand, and *United States v. Jaclin* and *United States v. Husain*, on the other, involve some overlap—the government alleges that Husain, with Jaclin's aid, sold to Noel and others the shell company that eventually became YesDTC, and that Husain and Jaclin knew the likely use of the shell companies that they sold.  However, the government does not believe that *United States v. Noel* is "related" to *United States v. Husain* and *United States v. Jaclin* within the meaning of Local Rule 8-1(b).

**NOTICE OF RELATED CASES**

2

witness, and it will prevent duplication of labor in evaluating his culpability and cooperation if the judge presiding over the trial in which he testifies is also the judge that sentences him.

Per the requirement of Local Criminal Rule 8-1(c)(4), undersigned counsel states that assignment of these cases to a single judge is likely to conserve judicial resources and promote an efficient determination of each action.

Dated:  May 19, 2017

Respectfully submitted,

BRIAN J. STRETCH
United States Attorney

_____/s/_____
BENJAMIN KINGSLEY
Assistant United States Attorney

**NOTICE OF RELATED CASES**

3